

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-24-00405-CV

---

IN THE INTEREST OF Z.R., A CHILD

---

On Appeal from the 108th District Court
Potter County, Texas
Trial Court No. 098346-E-FM, Honorable Carry Baker, Presiding

---

June 9, 2025

## MEMORANDUM OPINION

Before QUINN, C.J., and PARKER and DOSS, JJ.

Appellant, J.R. (Mother), appeals from the district court's final order terminating her parental rights to Z.R.[1]  Appellee, the Texas Department of Family and Protective Services, sought termination against both Mother and unknown Father.  After a trial before the associate judge,[2] the district court signed a written judgment consistent with the associate judge's order.  On appeal, her court-appointed appellate counsel has filed

---

[1] To protect Z.R.'s privacy, we will refer to him by initials and to J.R. as "Mother."  The identity of Z.R.'s father is unknown.  See TEX. FAM. CODE ANN. § 109.002(d); TEX. R. APP. P. 9.8(b).

[2] Mother did not request de novo review.

an *Anders* brief[3] and motion to withdraw from representation, supported by an *Anders* brief.  We find no arguable ground for reversal and affirm.

## Analysis

Counsel's brief provides a professional evaluation of the record supporting his conclusion that this case presents no arguable ground for appeal.  We find the brief meets *Anders'*s requirements.  Counsel provided Mother a copy of his motion, brief, and record, and notified Mother of her right to file a pro se response.  Mother did not respond.  The Department also declined to file a response.

Under our *Anders* review, we examine the entire record to determine whether counsel correctly concluded no arguable ground for appeal exists.  *See Stafford v. State,* 813 S.W.2d 503, 511 (Tex. Crim. App. 1991).  This includes considering whether legally and factually sufficient evidence supports the judgment.

Section 161.001(b) of the Texas Family Code authorizes involuntary termination when evidence shows the parent engaged in at least one of twenty-one enumerated predicate acts, provided termination serves the child's best interest.  *See* TEX. FAM. CODE ANN. § 161.001(b)(1), (2).  Only one predicate ground finding is necessary when termination is also in the child's best interest.  *In re J.F.-G.,* 627 S.W.3d 304, 312 (Tex. 2021).  When a parent challenges predicate grounds (D) or (E) on appeal, due process requires detailed appellate analysis because these findings can affect relationships with other children.  *See* TEX. FAM. CODE ANN. § 161.001(b)(1)(M); *In re N.G.,* 577 S.W.3d 230,

---

[3] *See Anders v. California,* 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967).

237 (Tex. 2019) (per curiam). Here, we analyze the evidence pertaining to predicate ground (E).

Ground (E) requires proof that the parent engaged in conduct or knowingly placed the child with persons who endangered the child's physical or emotional well-being. TEX. FAM. CODE ANN. § 161.001(b)(1)(E). This Court has previously affirmed termination under subsection (E) based on prenatal drug use and failure to visit the child during the pendency of the case. *In re R.K.R.*, No. 07-18-00051-CV, 2018 Tex. App. LEXIS 4498, at *7, *9 (Tex. App.—Amarillo June 20, 2018, no pet.) (mem. op.).

The evidence here is compelling. The Department's investigator testified that both Mother and Z.R. tested positive for methamphetamine at birth. Z.R. was admitted to the NICU due to withdrawal symptoms and infection. Mother admitted to persistent drug use throughout pregnancy. The permanency specialist testified that Mother visited Z.R. only while hospitalized after birth and failed to visit throughout the case.[4]

Mother's persistent drug use during pregnancy and failure to regularly visit Z.R. clearly support the trial court's endangering-course-of-conduct finding. After reviewing the evidence in the light most favorable to the verdict and in a neutral light, we hold that legally and factually sufficient evidence supports the trial court's predicate ground (E) finding. The record also contains sufficient evidence that termination serves Z.R.'s best interest.

---

[4] Mother also did not initiate any of the services on her court-ordered service plan.

3

## Conclusion

Based on our review of the record, we conclude that a reasonable factfinder could have formed a firm belief that grounds for termination existed and that termination was in Z.R.'s best interest. *See* TEX. FAM. CODE ANN. § 161.001(b)(1), (2). We agree with counsel that no plausible grounds for reversal exist.[5] The district court's final order terminating Mother's parental rights to Z.R. is affirmed.

Lawrence M. Doss
Justice

---

[5] We take no action on counsel's motion to withdraw but note counsel's continuing duty of representation through exhaustion of proceedings, including any petition for review. *In re P.M.*, 520 S.W.3d 24, 27 (Tex. 2016) (per curiam).